IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ALLISON B. & ROBERT HJORTSBERG** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **Civil Action No.** _____ |
| | § | |
| **CERTAIN UNDERWRITERS LLOYDS** | § | |
| **LONDON SUSCRIBING TO** | § | |
| **CERTIFICATE NUMBER 141NORL0961** | § | |
| | § | |
| **Defendant** | | |

## PLAINTIFFS' ORIGINAL COMPLAINT and DEMAND FOR JURY TRIAL

> **Insurer arbitrarily, capriciously, or without probable cause delayed and underpaid the Policyholder's covered claims caused by Hurricane Ida**

NOW INTO COURT, ALLISON B. & ROBERT HJORTSBERG ("HOJORTSBERG" or "Insureds" or "Plaintiffs"), by and through their undersigned counsel, hereby issues their Original Complaint against CERTAIN UNDERWRITERS LLOYDS LONDON SUBSCRIBING TO CERTIFICATE NUMBER 141NORL0961 ("UNDERWRITERS" or "Insurer" or "Defendant") and alleges, upon information and belief, the following:

**I.**
**NATURE OF ACTION**

1.      The HJORTSBERGS seek to recover from Defendant all damages, penalties, fees, interest, and other relief to which they are legally entitled arising from Defendant's arbitrary and capricious failure to promptly and fully pay benefits owed under its residential property policy for losses arising from a catastrophic hurricane that made landfall in Louisiana

1

on August 29, 2021 ("Hurricane IDA") and caused significant damage to their residential

property.

## II.
## THE PARTIES

2.      ALLISON B. & ROBERT HJORTSBERG ("HJORTSBERG") are persons of

the full age of majority domiciled in New Orleans, Orleans Parish, Louisiana.  Mr. and Mrs.

Hjortsberg owned the property in New Orleans, Orleans Parish, Louisiana.

3.      Defendant herein, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON

SUBSCRIBING TO POLICY NO. 141NORL0961, is an approved unauthorized surplus line

insurer, with its principal place of business at 42 West 54th Street, 14th Floor, New  York, New

York, doing business in the State of Louisiana who may be served through the Secretary of

State of Louisiana at 8585 Archives Avenue, Baton Rouge, Louisiana 70809; in which the

Secretary of State may serve Lloyd's at the  following  address:   Lloyd's America, Inc –

Attention:  Legal Department, 280 Park Avenue, East Tower, 25th Floor, New York, NY

10017.

4.      A corporation is a citizen of the state in which it has been incorporated and of

the state in which it has its principal place of business. 25 U.S.C 28 U.S.C. § 1332(c)(1); see

Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

5.      Accordingly, Underwriters is a Citizen of New York for purposes of diversity

jurisdiction.

6.      Upon information and belief, Defendant is an approved unauthorized surplus

line doing business, in the State of Louisiana.

## III.
## JURISDICTION AND VENUE

7.      This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because Defendant is not a citizen of the same state as Plaintiffs and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Defendant, UNDERWRITERS, is a licensed insurance company, incorporated in New York.

8.      Defendant engages in the business of insurance in the State of Louisiana.  The conduct of UNDERWRITERS in the State of Louisiana includes:

> (a) The making and issuing of contracts of insurance with the Plaintiffs;
>
> (b) The taking and receiving the application of insurance from the Plaintiffs;
>
> (c) The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and
>
> (d) The issuance or delivery of contracts of insurance to residents of this State or a person authorized to do business in this state, including the Plaintiffs.

9.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant issued and delivered an insurance policy to the Plaintiffs in New Orleans, Louisiana for property located in New Orleans, Louisiana that is the subject of this action. Defendant is a corporation which is deemed to reside in any judicial district where its contacts would be sufficient to subject it to personal jurisdiction at the time the action is commenced.

## IV.
## THE POLICY

10.      At all pertinent times, including August 29, 2021, Defendant provided property and casualty insurance coverage to Plaintiffs' residential property under said contract of insurance with full replacement cost at the time listed by the insurer as described below.  The

insuring agreement is identified by certificate number 141NORL0961 for the property located

at 3314 Robert Street, New Orleans, Louisiana.  The policy provides limits of coverages as

follows for Location 1:

Coverages:

| | |
|---|---|
| $225,000 | Coverage A: Dwelling |
| $22,500 | Coverage B: Other Structures |
| $50,000 | Coverage C: Personal Property |
| $22,500 | Coverage D: Loss of Use/Add'l Living Expenses |

11.    The insurance agreement required Plaintiffs to make payments to the insurer

and in exchange the insurance company would indemnify Plaintiffs in the event of a covered

loss.  Plaintiffs faithfully paid the required premium, and the relevant policy is currently in

full effect, providing property, personal property, loss of use, and other coverages.

12.    Defendant received the application for insurance and accepted the risk for

insurance and bound coverage prior to the time Hurricane Ida struck Plaintiffs' property.

13.    Pursuant to the terms of the policy, Defendant agreed to pay or reimburse

Plaintiffs for damages caused by a covered cause of loss.  The policy in question includes

coverage for windstorms, which includes coverage for Hurricane-related damages.

14.    The Plaintiffs purchased property coverage to safeguard their property and

provide peace of mind in the event of loss.

## V.
## DAMAGE CAUSED BY HURRICANE IDA

15.    Exactly 16 years after Hurricane Katrina, Hurricane Ida made landfall in Port

Fourchon, LA, on August 29, 2021, as a Category 4 hurricane, nearly a Category 5 hurricane,

with wind speeds of 150 mph, and gusts of up to 172 mph.  Hurricane Ida became the second

most damaging and intense hurricane to make landfall in the state of Louisiana and is tied as

the fifth strongest hurricane to ever hit the United States in history. The National Weather Service issued extreme wind warnings for most of Southeast Louisiana, noting that in the eyewall of Ida there were tornado-like winds of 115 mph or stronger. Hurricane winds can extend 60 miles past the eye.

16.    Plaintiffs' residential property was damaged by Hurricane Ida on August 29, 2021 (hereinafter "the Hurricane"). The Hurricane caused major damage to Plaintiffs' residential property. The damage includes:

(a) Property damage to the roof and exterior of the property;

(b) Property damage to the interior of the property;

(c) Property damage to personal property and

(d) Loss of use.

17.    Plaintiffs have complied with all of their duties under the policy timely.

18.    The Plaintiffs have sustained significant damages that continued and continued for because Defendant delayed in the payment for all covered damages, including consequential damages from defendant's delayal of payment for covered damages.

**VI.**
**INSURER'S INADEQUATE INVESTIGATION, MISREPRESENTATIONS, DELAYS, UNTIMELY PAYMENTS, AND FAILURE TO PAY**

19.    The chronology of the claim activities are as follows:

| Date | Activity |
|---|---|
| **August 29, 2021** | Hurricane Ida damages property. |
| **September 14, 2021** | Hurricane Ida Claim filed with Insurer |
| **September 23, 2021** | Adjusting company inspects property on behalf of Insurer. The inspection revealed damage to all slopes of the roof as well as the ridge cap; and recommended replacement of the dwelling roof and components – Found damage in the interior of the home to the bathroom ceiling and wall. The net estimate after deductible and depreciation was $5,828.82. |
| **February 2, 2023** | Undersigned sends letter of representation |

| July 12, 2023 | Undersigned sends updated proof of loss in the amount of $95,342.62 |
|---|---|
| August 7, 2023 | Undersigned sends ALE demand in the amount of $2,860.25 |
| August 8, 2023 | Underwriters rejects proof of loss |
| August 14, 2023 | Reinspection is set for August 29, 2023 |
| August 15, 2023 | Undersigned sends in request for depreciation with proof of repairs |

20.    Insurer has offered no further information on this claim or requested any additional information from the Insureds in order to complete the loss adjustment for any of the Coverages mentioned.

21.    According to information and belief, the investigation of the damage does not adequately account for all of the covered damage to the main dwelling, personal property, or loss of use. The Insurer has knowledge of this through its inspection as well as information received from the policyholders and this counsel pertaining to the quantum of damages caused by the covered event. As a result of the denial of coverage for the main dwelling and other structures, Plaintiffs have sustained damages and continues to sustain damages.

22.    On information and belief, Defendant knew on the date of its first inspection, after the Insured described and pointed out the damage to the property, that the Plaintiffs' residential property was damaged, and the insured had incurred loss of use expenses. As a result, the Plaintiffs have incurred and continue to incur damages for loss of use of their property. Defendant's failure to address and pay for Coverage D damages when it knew that its policyholder was suffering and continuing to incur additional living expenses and out-of-pocket expense has caused the Plaintiffs to suffer continuing damage and mental anguish.

6

## VIII.
## CAUSES OF ACTION

### COUNT 1 (BREACH OF CONTRACT)

23.     Plaintiffs repeat, reallege, and incorporate by reference each and every allegation contained in paragraphs 1 through 22 of this Original Complaint.

24.     As set forth above, Plaintiffs entered into a contract of insurance with Defendant that provides coverage for, *inter alia,* Property Damage, Personal Property Damage, and Additional Living Expenses as well as Debris Removal and coverage for Reasonable Repairs.

25.     Plaintiffs have performed all conditions, covenants, and promises required to be performed in accordance with the terms and conditions of the Policy.

26.     Defendant agreed and was legally and contractually required to reasonably investigate the loss, provide a reasonable and timely coverage determination, and compensate the Insured for all covered losses.

27.     Defendant was required to conduct a reasonable, adequate, and diligent investigation of any claims made by the Insured.  Despite this obligation, the first inspection carried out was inadequate, and UNDERWRITERS has still not corrected the shortcoming of the Insurer's investigation and payment for all covered losses.

28.     Moreover, Defendant has underpaid for the Property damages to Plaintiffs' property, as it was given the full value of the cost of repairs as early as the date that defendant made its first inspection of damages and has yet to make this full payment.

29.     Defendant continues to fail to pay for Coverage D damages despite knowing that the Insureds are suffering and continues to suffer damages.

30.    Defendant's failure to promptly pay for the Insureds' covered personal property and loss of use is a breach of the terms and conditions of the Policy and contrary to Louisiana Law.

31.    As a direct and proximate result of the breaches by Defendant, the Plaintiffs have and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation, and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

COUNT 2

(BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/
VIOLATIONS OF LA.R.S.§ 22:1973)

32.    Plaintiffs repeat, reallege, and incorporate by reference each and every allegation contained in paragraphs 1 through 31 of this Original Complaint.

33.    La. R.S. §22:1973(A) provides: "An insurer, including but not limited to a foreign line and surplus line insurer, owes to their insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insureds or the claimants or both.  Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach."

34.    La. R.S. § 22:1973(B) provides: "Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:

> (1)    Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
>
> (5)    Failing to pay the amount of any claim due to any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such a failure is arbitrary, capricious, or without probable cause.

(6)      Failing to pay claims pursuant to R.S. 22:1893 when such a failure is arbitrary, capricious, or without probable cause."

35.      Plaintiffs allege and maintain that Defendant's conduct, as set forth in this Complaint, was and continues to constitute a breach of Defendant's duty of good faith and fair dealing and its duty to "adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured."  In particular, Defendant:

(a) Undervalued the Plaintiffs' claims;

(b) Failed to and continues to fail to adequately and timely communicate with the Plaintiffs causing unnecessary delays, duplicative work, and additional expenses for the Plaintiffs;

(c) Failed to timely pay the requisite amounts owed under the Policy;

(d) Failed to timely make an unconditional tender of the undisputed amounts owed under the Policy;

(e) Refused to pay the undisputed amounts of the claim;

(f) Failing to conduct a reasonable investigation including failing to pay for covered damages when liability for the claim is reasonably clear;

(g) Acknowledged the coverage obligations owed to the Plaintiffs but refused to provide coverage to the Plaintiffs;

(h) Unreasonably delayed the resolution and payment of claims made by the Plaintiffs under the Policy after submission of the required proofs of loss;

(i) Unreasonably withheld monetary payment of policy benefits under the Policy to the Plaintiffs;

(j) Failed to provide the Plaintiffs with any reasonable or justifiable basis for withholding policy benefits from the Plaintiffs;

(k) Compelling its insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured;

(l) Failing to give equal consideration to the interests of the insureds as opposed to their own interest;

9

(m) Ignoring evidence submitted by or for the insured that supports payment of the claim;

(n) Speculating to deny or underpay the full amount of damages necessary to indemnify the insured; and

(o) Engaged in conduct prohibited by La. R.S. § 22:1964(14).

36.     As a direct and proximate result of Defendant's conduct, Plaintiffs have and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation, and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

37.     La. R.S § 22:1973(C) provides: "In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.  Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings."

38.     In addition to the claimed loss and damage as set forth above, the Plaintiffs seek penalties under La. R.S. § 22:1973(C) for Defendant's acts or omissions as set forth herein.

COUNT 3

(VIOLATIONS OF LA. R.S. §22:1892)

39.     The Plaintiffs repeat, reallege, and incorporate by reference each and every allegation contained in paragraphs 1 through 38 of this Original Complaint.

40.     La. R.S. §22:1892(A)(1) provides: "All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana

Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph."

41.     La. R.S. § 22:1892(A)(4) provides: "All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim."

42.     La. R.S. § 22:1892(C)(2) provides: "No insurer shall intentionally or unreasonably delay, for more than three calendar days, exclusive of Saturdays and Sundays, and legal holidays, after presentation for collection, the processing of any properly executed and endorsed check or draft issued in a settlement of an insurance claim."

43.     Plaintiffs allege and maintain that Defendant has received satisfactory proofs of loss for the claimed losses and damages for which Defendant has failed to pay any amount within thirty (30) days, as prescribed by La. R.S. § 22:1892(A)(1).

44.     Plaintiffs allege and maintain that Defendant failed to make any written offer to settle Plaintiffs' property damage claim within thirty (30) days after Defendant received satisfactory proofs of loss of that claim, as prescribed by La. R.S. § 22:1892(A)(4).

45.     Plaintiffs allege and maintain Defendant's failures as herein alleged were and are unreasonable, arbitrary, and capricious.

46.     As a direct and proximate result of Defendant's failures, Plaintiffs have and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation, and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

47.   La. R.S. § 22:1892(B)(1) provides: "Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle and property damage claim…within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs A(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured…or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs.  Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings."

48.   La. R.S. § 22:1892(C)(3) provides: "Any insurer violating this Subsection shall pay the insured or claimant a penalty of two hundred dollars or fifteen percent of the face amount of the check or draft, whichever is greater."

49.   In addition to the claimed loss and damage as set forth above, Plaintiffs seek penalties under La. R.S. §22:1892(B)(1) and (C)(3) for Defendant's failures as set forth herein.

COUNT 4

(BREACH OF FIDUCIARY DUTIES)

50.     Plaintiffs repeat, reallege, and incorporate by reference each and every allegation contained in paragraphs 1 through 49 of this Original Complaint.

51.     Defendant owes Plaintiffs "a high fiduciary duty to discharge its policy obligations to it insured in good faith."[1]

52.     Defendant breached the fiduciary duties it owed Plaintiffs by engaging in the conduct specified above.

53.     As a direct and proximate result of the unfair trade practices of Defendant, Plaintiffs have and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation, and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

## IX.
## PRAYER FOR RELIEF

WHEREFORE,  Plaintiffs pray for judgment against Defendant as follows:

1.      For compensatory, general, and all consequential damages, according to proof;

2.      For all damages sustained and statutory penalties pursuant to La. R.S. §§ 22:1973(C) and 22:1892(B)(1), (C)(3);

3.      For attorney's fees and costs;

4.      For experts' fees and costs;

5.      For mitigation, investigation and other costs and expenses;

6.      For all legal interest, according to proof; and

7.      For all such other and further relief as this Court may deem just and proper.

---

[1]     *Kelly v. State Farm Fire & Cas. Co.,* 2014-1921 (La. 5/5/15, 20), 169 So.3d 328, 341.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable to a jury and has included

the requisite fee with this filing.


Respectfully Submitted,
THE BRASHER LAW FIRM, PLLC


By:   */s/ Nishi Kothari*
Joe Muckleroy
Louisiana Bar No. 30935
Nishi Kothari
Louisiana Bar No. 39655
1122 Orleans Street
Beaumont, Texas 77701
Telephone:  (409) 832-3737
Facsimile:  (409) 832-3838
joe@brasherattorney.com
nishi@brasherattorney.com
*Attorneys for the Plaintiffs*


**14**